(51 Misc. Rep. 574.)

### REED v. WILEY, HARKER & CAMP CO.

#### (Supreme Court, Appellate Term.    November 14. 1906.)

COURTS—MUNICIPAL COURTS—JURISDICTION.

> Code Civ. Proc. 448, provides for the bringing of an action by one party for the benefit of all, where the question is one of common or general interest of many persons, or where the parties are very numerous, or it may be impracticable to bring them all before the court.    Section 3347, subds. 3, 4, provides that section 448 applies only to an action commenced in the Supreme Court, City Court of New York City, or a County Court.    Municipal Court Act, Laws 1902, p. 1503, c. 580, § 42, providing who may be joined as parties plaintiff, contains no provision for the bringing of an action by one party for the benefit of numerous parties.    *Held*, that an action cannot be maintained under section 448 in the Municipal Court of New York City.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Asa R. Reed against the Wiley, Harker & Camp Company. From a judgment in favor of plaintiff, overruling a demurrer to the complaint, defendant appeals.    Reversed.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Hyland & Zabriskie (Nelson Zabriskie, of counsel), for appellant. Charles W. Culver, for respondent.

DOWLING, J.    The defendant herein appeals from a judgment entered in favor of the plaintiff upon an order overruling a demurrer interposed by the defendant to the complaint.    The complaint alleged, among other things:

> "That at all the times hereinafter mentioned the plaintiff was, and now is, the owner, in common with certain other and numerous persons (to wit, 19), of a certain schooner, known and designated as the 'Maggie S. Hart.'    That the plaintiff is the managing owner of said schooner, and that it would be impracticable to bring all the owners in before the court as parties plaintiff in this action."

The grounds of the demurrer to this portion of the complaint were:

> "That there is a defect of parties plaintiff in this action, in that the remaining 18 owners of the schooner Maggie S. Hart should be joined as parties plaintiff in this action."

The other portions of the complaint and the grounds of demurrer thereto need not be considered. It is conceded by the plaintiff's attorney that the right to bring an action by one party for the benefit of all, where the question is one of common or general interest of many persons, or where the parties are very numerous, or it may be impracticable to bring them all before the court, is based upon the provisions of section 448 of the Code of Civil Procedure. Section 42 of the Municipal Court Act (Laws 1902, p. 1503, c. 580) provides who shall be joined either as parties plaintiff or defendant in that court, and contains five subdivisions, none of which permit the bringing of an action by one party for the benefit of numerous parties. It is also declared in subdivisions 3 and 4 of section 3347 of the Code of Civil Procedure that, of chapter 5 thereof, sections 446, 449, 450, 454, 455, and 458 to 468, both inclusive, apply to an action commenced in any court of the state after September 1, 1877, and that the remainder of such chapter, which includes section 448, applies only to an action commenced on and after September 1, 1877, in the Supreme Court, the City Court of this city, or a County Court. It follows, therefore, that the provisions of section 448, Code of Civil Procedure, are not applicable to the Municipal Court, and the demurrer to the complaint in this action should have been sustained.

Judgment reversed, and demurrer sustained, with costs of this appeal to the appellant, and with privilege to the plaintiff to amend his pleading in the Municipal Court by payment of the costs in that court. Case set down for such pleading in Municipal Court in the district in which the action was brought on the ———— day of November, 1906. All concur.